**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ASIF MUHAMMED and FARHANA ASIF,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72138<br><br>Agency Nos.    A079-628-793<br>                     A079-628-794<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2013**
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Muhammed Asif and Farhana Asif,[1] natives and citizens of Pakistan, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) (1) denial of Muhammed's application for asylum as time-barred and (2) denial of Muhammed's applications for withholding of removal and protection under the Convention Against Torture (CAT), because he was not credible. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. We lack jurisdiction to review the IJ's and the BIA's determination that Muhammed's asylum application was time-barred. *See* 8 C.F.R. § 208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). However, we have jurisdiction to determine whether Muhammed has demonstrated an exception to the time bar, because there are no relevant facts in dispute. *See id.* at 650. Muhammed argues that exceptions, changed circumstances and/or extraordinary circumstances, should excuse his untimely filing. We disagree.

First, Muhammed did not establish extraordinary circumstances, because he did not reasonably pursue asylum after he lost his legal status. Extraordinary circumstances do not include pursuing other avenues to maintain legal status.

---

[1] Farhana Asif, Muhammed's wife, is a derivative on his application for asylum, and did not independently file her own applications.

Second, Muhammed failed to establish changed circumstances that materially affect his claim for asylum. Muhammed points to an increase of anti-American sentiment. However, substantial evidence supports the IJ's conclusion that this change did not constitute a material change because Muhammed had experienced difficulties prior to coming to the United States based on his employment with American and British companies (for which he no longer works).

2.     Substantial evidence supports the BIA's determination that Muhammed failed to establish eligibility for withholding of removal, because Muhammed failed to present credible testimony to support his claim. The IJ appropriately used the country reports to discredit Muhammed's general assertion that the Muhajir Qaumi Movement - Haqiqi (MQM-H) never engaged in violence. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005); *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005). The record shows that Muhammed was active in the MQM-H as a unit leader and stayed informed about day-to-day events in Pakistan. Therefore, substantial evidence supports the IJ's finding that his testimony that he was unaware of the violence between the two rival MQM groups was implausible. Because Muhammed asserts his membership in MQM-H is the basis of his persecution, the role MQM-H plays in Pakistan goes to the heart of the matter. In addition to finding that Muhammed's testimony was inconsistent with country

3

reports, the IJ conducted an individualized analysis and concluded that Muhammed's testimony was internally inconsistent and implausible. After confrontation, Muhammed did not provide a reasoned explanation for the inconsistencies. Therefore, in light of the adverse credibility finding, Muhammed's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the BIA's determination that Muhammed failed to establish eligibility for protection under CAT. Muhammed's CAT claim was based on the same evidence as his asylum and withholding of removal claims. Muhammed further cannot demonstrate eligibility for protection under CAT based on the State Department reports. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008). The record does not compel a different conclusion.

**PETITION FOR REVIEW DENIED.**